IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN ANTHONY CHARLES, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-1244 |
| v. | : | |
| TROOPER JUSTIN HOPE, TROOPER DONNA HARRISON, AFIS EXAMINER, TROOPER JAMES E. PETTIT, ABBY L. RIGDON, ESQ., CPL. STEVE RANCK, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                      April 4, 2018

      The *pro se* prisoner plaintiff has applied to proceed *in forma pauperis* in this purported action under 42 U.S.C. § 1983 against four members of the Pennsylvania State Police and his criminal defense counsel based on claims seemingly arising out of his criminal prosecution and ultimate convictions in a county court. Although his precise claims are unclear, the plaintiff appears to be seeking damages and to have the court vacate his sentence.

      As explained below, the court will grant the application to proceed *in forma pauperis* but will dismiss the complaint. The court will dismiss any section 1983 claims asserted by the plaintiff against his criminal defense counsel with prejudice because she is not an individual who acted under color of state law when she defended him in his criminal case. Concerning his claims against the four members of the Pennsylvania State Police, the court will dismiss those claims without prejudice to the extent that the plaintiff is seeking to invalidate his convictions or sentence because *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the claims and the plaintiff has not alleged that his convictions or sentence have been otherwise invalidated. To the extent that

*Heck* does not bar the plaintiff's claims against the four members of the Pennsylvania State Police, the court will allow the plaintiff to file an amended complaint with respect to any such claims.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Ryan Anthony Charles ("Charles"), commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application") and proposed complaint under 42 U.S.C. § 1983 on March 16, 2018.[1] Doc. No. 1. Charles names the following individuals as defendants in the complaint: Pennsylvania State Trooper Justin Hope, Pennsylvania State Trooper Donna Harrison, AFIS Examiner, Pennsylvania State Trooper James E. Pettit, Corporal Steve Ranck of the Pennsylvania State Police, and Abby L. Rigdon, Esquire. *See* Compl. at 1, 2, Doc. No. 1-1. Charles has not requested a jury trial. *See id.* at 1 (checking box indicating choice not to request jury trial).

Regarding the allegations in the complaint, Charles alleges in the body of the form complaint that while in the Berks County Prison, "Abby L. Rigdon, Esq. refused to submit motions on my behalf. Refused to arrange a consultation with me to address relevant issues. Her tactical decision is the result of my incarceration." *Id.* at 2, 3. Charles attached a separate sheet to the form complaint in which he includes the following "FACTS":

    1) Trooper justin [sic] Hope denied me my fifth ammendment [sic] right
    2) (a) 9-9-16 AFIS Lab report: H16-05571-1
       (b) Conclusion: Latent fingerprint was analyzed, compared and evaluated with
    the known fingerprints of PA SID: 436-15-73-4 assigned to Willis Charles D.O.B.
    1-14-83

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Here, Charles included a declaration with the complaint in which he states that he provided the complaint to prison authorities on March 16, 2018, for mailing to the clerk of court. *See* Complaint at 8, Doc. No. 1-1.

2

3) Examiner James E. Pettit, Trooper, AFIS Examiner, Harrisburg Regional Laboratory falsified report.
4) Trooper Donna Harriosn [sic] supplemented falsified report.
5) Page 7 of discovery. I was transported to berks county central booking. Fingerprinted and photographed there. Results came back as Ryan Charles D.O.B. 10-18-77 with no detainer warrant out of Nebraska.

N.B.: Prior no conviction in NEW YORK CITY in 2009 my fingerprints would already be in AFIS System. How can two people share same fingeerprint [sic].

6) Abby L. Rigdon ESQ. refused to address motions submitted by myself according to P.A. R.C.P. Her tactical decisions and ineffectiveness was result of my incarceration.

*Id.* at ECF p. 9.[2]

Based on the aforementioned allegations, Charles asserts that he suffered injuries in the nature of "[e]motional issues like anxiety and panic attacks and was prescribed visirol for brief period." *Id.* For his relief, he is seeking the following: "Vacate sentence and be recompensated [sic] for every day I've been incarcerated. Emotional distress on me my fiancé and son. Since being incarcerated my family expenses on my behalf exceeded over 10,000. I'm seeking 150,000 in damages." *Id.* at 5-6.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein,

---

[2] Although not included in the caption of the complaint, Charles identifies himself as "Ryan Anthony Charles AKA Willis E. Charles" in the body of the complaint. *See id.* at 1. The publicly available dockets for criminal actions in the Pennsylvania Courts of Common Pleas reflect that on February 15, 2017, Willis E. Charles pleaded guilty to possession of a firearm with an altered manufacturer number, receiving stolen property, and possession of a small amount of marijuana in the Court of Common Pleas of Berks County. *See* Common Pleas Docket Sheets, *Commonwealth v. Willis E. Charles*, No. CP-06-CR-3798-2016, *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-06-CR-0003798-2016 (last visited March 30, 2018). It appears that he received a sentence of a minimum of 22 months to a maximum of 48 months of state incarceration on the firearms charge and a consecutive period of 48 months' state probation on the receiving stolen property charge. *See id.* It also appears that Attorney Rigdon represented Charles during at least portions of the criminal proceedings. *See id.*

without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Application and inmate trust fund account statement, it appears that Charles is unable to pay the costs of suit. Therefore, the court will grant the IFP Application and provide Charles with leave to proceed *in forma pauperis* in this action. The court also notes that since Charles is a prisoner subject to the Prison Litigation Reform Act, he

will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court ultimately dismisses this action.

### B. Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted Charles leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the review under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). The court may also consider matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The court may further dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (indicating that "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint" and concluding that dismissal was inappropriate because the plaintiff's failure to exhaust was not apparent from the face of the complaint); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) (per curiam) (explaining that "a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint").

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. CIV. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Here, the court has identified a number of deficiencies with Charles's complaint. Concerning his allegations against Attorney Rigdon, he cannot assert a claim under section 1983 against her because she was not acting under color of state law when she represented him in his underlying criminal proceeding. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (alterations in original) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

7

Although it is unclear in the complaint, it appears from the docket entries of Charles's underlying criminal action that the Berks County Court of Common Pleas appointed Attorney Rigdon to represent Charles on February 1, 2017. *See* Common Pleas Docket Sheets, *Commonwealth v. Willis E. Charles*, No. CP-06-CR-3798-2016, *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-06-CR-0003798-2016 (last visited March 30, 2018). Charles may not maintain a section 1983 action against Attorney Rigdon because a defense attorney does not act under color of state law when representing criminal defendants. *See Briscoe v. LaHue*, 460 U.S. 325, 330 n. 6 (1983) ("Thus, even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983. This conclusion is compelled by the character of the office performed by defense counsel." (internal citations omitted)); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the court will dismiss Charles's claims against Attorney Rigdon with prejudice.

Regarding Charles's claims against Trooper Hope, Trooper Harrison, Trooper Pettit, and Corporal Ranck, his allegations of misconduct against them are either vague or nonexistent. As to Trooper Hope, Charles asserts that Trooper Hope violated his Fifth Amendment rights, but provides no factual allegations in support of this statement. *See* Compl. at ECF p. 9. As for

Troopers Pettit and Harrison, it appears that Charles alleges that they falsified a report about a fingerprint analysis. *Id.* As already noted, Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. As currently pleaded, the complaint fails to state plausible claims against Troopers Hope, Harrison, or Pettit because there are no specific factual allegations supporting plausible claims against them. In addition, the complaint lacks any allegation as to how Corporal Ranck was responsible for violating Charles's rights, whether due to his own misconduct or his deliberate indifference to known deficiencies in a policy or procedure that violated Charles's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Moreover, due to the vague nature of Charles's claims against these individuals, the court cannot at this time determine whether the claims are cognizable under section 1983. As noted above, Charles asks the court to vacate his convictions and compensate him for every day he has been incarcerated. *See* Compl. at 5. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, Charles must pursue claims to vacate his convictions in a habeas case, after exhausting his state remedies, rather than through a civil rights action under section 1983.[3]

Furthermore,

> to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[3] It appears from the state court docket that Charles is pursuing a PCRA in the state court.

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (alteration to original). Thus,

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

In the instant case, Charles has not alleged that his convictions or sentences have been reversed, vacated, expunged, or otherwise invalidated, and it does not appear from the public docket that any such events have occurred. As such, Charles cannot raise a cognizable claim to challenge his conviction under section 1983. In other words, Charles cannot raise claims challenging the constitutionality of any aspect of the legal proceedings leading to his convictions, or the failure of the state courts to vacate those convictions.

Because of the vague nature of the complaint, the court cannot determine at this time whether *Heck* bars all of Charles's claims against Trooper Hope, Trooper Harrison, Trooper Pettit, and Corporal Ranck. Accordingly, the court will dismiss his claims without prejudice to him filing an amended complaint so that he may assert any claim he seeks to pursue against these defendants to the extent that *Heck* does not bar the claim. The court will also dismiss any claims challenging his convictions and sentences without prejudice to Charles filing a new complaint if a court ever vacates those convictions.

### C. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114

(3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). As this is the first opportunity that the court has had to identify deficiencies with Charles's pleading and he is a *pro se* plaintiff pursuing a civil rights action under section 1983, the court will provide him with the opportunity to state a cognizable claim by filing an amended complaint to assert any claims that the court has not dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the complaint for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. The court will dismiss Charles's claims against Attorney Rigdon with prejudice because he cannot assert a claim against her under section 1983. In addition, *Heck* bars Charles's claims challenging his convictions and sentences. As such, the court will dismiss those claims without prejudice to Charles's right to pursue them in a new lawsuit if and when his convictions are invalidated. Finally, to the extent that Charles has claims against Trooper Hope, Trooper Harrison, Trooper Pettit, and Corporal Ranck, which *Heck* does not bar, the court will dismiss those claims without prejudice to him filing an amended complaint with respect to those claims.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.