IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN ANTHONY CHARLES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-1244 |
| | : | |
| v. | : | |
| | : | |
| TROOPER JUSTIN HOPE, TROOPER DONNA HARRISON, AFIS EXAMINER, TROOPER JAMES E. PETTIT, ABBY L. RIGDON, ESQ., CPL. STEVE RANCK, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 4th day of April, 2018, after considering the application to proceed *in forma pauperis* and proposed complaint filed by the *pro se* plaintiff, Ryan Anthony Charles (Doc. No. 1), and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and the plaintiff has leave to proceed *in forma pauperis* under 28 U.S.C. § 1915;

2. The plaintiff, Ryan Anthony Charles, #MW-2934, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by the plaintiff, an initial partial filing fee of $42.22 is assessed. The superintendent or other appropriate official at SCI Camp Hill or at any other prison at which the plaintiff may be incarcerated is directed to deduct $42.22 from the plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-1244. In each succeeding month when the amount

in the plaintiff's inmate trust fund account exceeds $10.00, the superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to the plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-1244;

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the superintendent of SCI Camp Hill;

4. The plaintiff's complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. The plaintiff's claims against the defendant, Abby L. Rigdon, Esquire, are **DISMISSED WITH PREJUDICE**. The plaintiff's claims challenging his convictions and sentences, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are **DISMISSED WITHOUT PREJUDICE** to the plaintiff's right to pursue them in a new lawsuit if and when his convictions are invalidated. To the extent that *Heck* does not bar the plaintiff's claims against Trooper Justin Hope, Trooper Donna Harrison, Trooper James E. Pettit, and Corporal Steve Ranck, such claims are **DISMISSED WITHOUT PREJUDICE** to the plaintiff's right to file an amended complaint, as set forth below;

5. The plaintiff has leave to file an amended complaint by no later than **May 4, 2018**, with respect to any claims he may wish to pursue against Trooper Hope, Trooper Harrison, Trooper Pettit, and Corporal Ranck, to the extent *Heck* does not bar such claims. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating the plaintiff's rights. Any amended complaint shall not include claims against Abby L. Rigdon, or claims that challenge any convictions that have not

been invalidated. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the court;

6. The Clerk of Court is **DIRECTED** to send the plaintiff a blank form complaint to be used by a prisoner filing a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court shall write the civil action number of this case on the form; and

7. If the plaintiff fails to file an amended complaint, the court may dismiss his case for the failure to prosecute without further notice to him.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.